ROBERTSON, Justice:
James E. Avera, J. C. Foster, David T. Fleming, Franklin N. Miller and Damon L. Guy, appellants, were convicted in the Justice of the Peace Court of District 1 of Greene County, of hunting deer out-of-season. The circuit court, on motion of the district attorney, remanded these cases for trial to the Justice of the Peace of District 2 of Greene County, the order of remand stating that “the State and Defendant having stipulated the alleged crime occurred in District 2”.
On re-trial by the Justice of the Peace of District 2, the appellants were again convicted and fined, and they again appealed to the Circuit Court of Greene County. In a trial de novo by the circuit court, the appellants were found guilty of hunting deer out-of-season, fined $300 each, and ordered to pay court costs. Appellants thereupon perfected their appeal to this Court.
Appellants were all adult resident citizens of Mobile County, Alabama. All had secured Alabama hunting licenses and written permission from Scott Paper Company in Alabama to hunt deer on its lands. The deer season in Alabama was open but had closed in Mississippi on December 1, 1972.
On December 7, 1972, they had taken their stands and the dogs were about to be released when the game warden arrested them for hunting deer during closed season. He advised them that they were about 1.1 miles west of the Alabama-Mississippi line in District 2 of Greene County. Scott Paper Company owned contiguous lands in both Alabama and Mississippi, and there was no fence or defined boundary line between the Alabama and Mississippi lands.
On the threshold lies the question of whether the Circuit Court of Greene County had jurisdiction of the first appeal from the Justice of the Peace Court of District 1, and whether the circuit court could confer jurisdiction on the Justice of the Peace Court of District 2 by remand.
Mississippi Code Annotated section 11-51-91 (1972) reads in part as follows:
“On appeal from a justice of the peace court to the circuit court the case shall be tried anew, .
“If it appear on the trial that the suit was brought before a justice of the peace not having jurisdiction thereof, the circuit court shall reverse the judgment of the justice and dismiss the case.” (Emphasis added).
The affidavit against each defendant was sworn out before the Justice of the Peace of Beat 1 of Greene County, and charged each defendant with the offense of “hunting deer in closed season” on or about 7th day of December, 1972, in said Beat 1.
Upon remand from the Circuit Court, the Justice of the Peace of District 2 tried each defendant on the original affidavit made against him in District 1 of Greene County. Inasmuch as new affidavits, charging each defendant with the commission of the offense in District 2 of Greene County, were not made out and the defendants were tried on the original affidavits, the jurisdiction of the Justice of the Peace of District 2 was dependent solely on the orders of remand from the Circuit Court of Greene County.
Under § 11-51-91, the circuit court only had authority to reverse and dismiss the case against each defendant and jurisdiction could not be conferred by remand of the circuit court on the Justice of the Peace of District 2.
Such action would have been harmless if the Justice of the Peace of District 2 had acquired jurisdiction independently of remand, by the filing of new affidavits in his court. Since each defendant was tried in the Justice of the Peace Court of District 2 on the original affidavit charging *361 the commission of the offense in District 1 of Greene County, and since the jurisdiction of the circuit court on the second appeal was dependent on these original affidavits, the circuit court acquired no jurisdiction to try defendants anew.
The conviction and sentence of each defendant is reversed, and each defendant will be discharged without prejudice to the State to begin anew in the proper district of Greene County. The guns of these defendants should not have been confiscated and they are entitled to the prompt return of their guns.
Reversed and defendants discharged.
GILLESPIE, C. J., and SMITH, SUGG and BROOM, JJ., concur.